THOMAS WARING and WILSON WARING *vs.* THE
NATIONAL MARINE BANK OF BALTIMORE.

*What constitutes Partnership—Evidence.*

The fact that two persons, engaged as partners in the manufacture.
of fertilizers, transferred their business, together with their
brands, trade marks, and good will, to a corporation, chartered
under the laws of the State, and agreed to give to the company
their labor, skill and knowledge in the conduct and management
of the business, and became officers of the company, and as such
managed the business of the company, receiving as compensa-
tion a proportion of the net profits, is insufficient to prove a
continuance of the partnership *inter sese*, in the face of the un-
contradicted testimony of one of the parties that there had been
no partnership transaction between himself and his brother
since the discontinuance of their business—a period of ten years
—and that whatever was done by them, or either of them, dur-
ing that time, in the conduct and management of the business of
the company, was done by them in their respective capacities as
officers of the corporation.

APPEAL from the Circuit Court for Cecil County.

The appellee filed a petition in the Court below, alleg-
ing that the appellants, citizens of Cecil County, being
copartners, were indebted to it in a sum exceeding $250;
that they were insolvent, and that, within four months
prior to the filing of the petition, they, with intent to
create a preference, and to hinder, delay and defraud the
petitioner and their other creditors, conveyed all or a part
of their property, by way of mortgages, to certain persons.
therein named, and praying the Court to declare the ap-
pellants insolvent and to set aside the mortgages. The
appellants answered, and, while admitting their indebt-
edness and the execution of the mortgages as alleged in

the petition, denied that they were copartners and that the mortgages were fraudulent, or that they had committed any acts of insolvency. The case was heard by the Court, by agreement, without a jury; and after hearing, the Court, (WICKES, J.,) passed an order adjudging the appellants to be insolvents, and declaring the mortgages to be void. From this order this appeal was taken. The facts of the case are sufficiently stated in the opinion of this Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, BRYAN, FOWLER, MCSHERRY, and BRISCOE, J.

*L. Marshall Haines,* and *Albert Constable,* (with whom was *Clinton McCullough* on the brief,) for the appellants.

*R. C. Thackery,* and *W. H. Dawson,* (with whom was *P. E. Tome* on the brief,) for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This is a proceeding *in involuntary insolvency,* instituted against the appellants *as partners inter sese;* and the only question to be considered, in the view we take of the case, is whether the fact of partnership is made out by the proof. If no such partnership existed, then this proceeding must fail. And in the determination of this question, there is, we must bear in mind, a well recognized distinction between a partnership as *between the parties themselves,* and a partnership as *to third parties,* which arises by operation of law. Persons by their conduct and course of dealing may be held liable as partners to third parties dealing with them, even though there was in fact no agreement of partnership. But the question of partnership *inter sese* is one of intention, and it may be laid down as a general rule that no such partnership can exist against the consent and intention of the parties. " The

fact of the existence or non-existence of a partnership as between the parties themselves, must be gathered," says the Court in *Bull vs. Schuberth*, 2 *Md.*, 55, "from the intention of the parties." *Kerr vs. Potter*, 6 *Gill*, 423; *Heise vs. Barth*, 40 *Md.*, 259; *Mollwo, March & Co. vs. Court of Wards*, *L. R.*, 4 *Privy Council Appeals*, 425.

Now, what is the proof in this case? Prior to January 1880, the appellants had been engaged in the manufacture of fertilizers, under the firm name of "Thomas Waring & Brother." About that time they discontinued doing business as partners, and transferred to the Waring Manufacturing Company, a corporation chartered under the laws of this State, their brands, trade marks and good will; and agreed to give to the company their labor, skill and knowledge in the conduct and management of the business of manufacturing fertilizers, in consideration of which they were to receive a proportion of the net profits of the business, and were to bear their proportion of losses sustained in the purchase of *real estate.*

After the execution of this agreement, Thomas Waring, one of the members of the firm of Waring & Brother, became the President of the company, and Wilson Waring the other member became the Vice-President, and, as such, they conducted and managed the business of the company. It is not contended there was a partnership between the appellants and the company, but it is insisted that the transfer by them to the company of the brands, trade marks and business of the old firm, and their agreement to conduct and manage the business of the company, in consideration of which they were to receive a certain proportion of the net profits, and the further fact that they did so manage the business of the company, are facts in themselves sufficient to prove a *partnership inter sese.*

Now, we quite agree that these facts, considered alone, might be sufficient to justify the inference of partnership

as between the parties; but when considered in connection with other facts in the record, they wholly fail to prove the partnership alleged by the petitioning creditors.

Thomas Waring testifies that in January, 1880, the firm of Waring & Brother discontinued business, and transferred their trade marks and business plant to the Waring Manufacturing Company; that from that time to the present, a period of ten years, there never has been a partnership transaction between himself and his brother; and that whatever was done by them or either of them since that time, in the conduct and management of the business of the company, was done by them in their respective capacities as officers of the corporation. That in signing and endorsing the notes of the company, each signed for himself, and neither had authority to bind the other, and not only was there no partnership existing between them, but that no attempt was made by either to do any act which could by any possibility be referred to a partnership between them.

So, if it be conceded, that the business was managed by the appellants, in consideration of which they received a proportion of the net profits, these facts cannot be said to prove a partnership in the face of the positive and uncontradicted testimony of the parties themselves. One thing is certain, if Thomas Waring is to be believed, and he is unimpeached, then we are obliged to hold, there was no partnership between the appellants at the time these proceedings were instituted.

Now, in *Heise vs. Barth,* 40 *Md.,* 259, the facts differ widely from the facts in this case. In that case the parties made large purchases, and paid bills rendered *to them in the firm name of Barth & Heise.* They contracted in their own names and *as a firm,* says the Court, and those with whom they dealt, trusted *solely to their responsibility.* In this case, however, although the business of the company was managed by the appellants, yet it was managed

by them as *officers of the corporation.* They did not hold themselves out as doing business as partners, nor did persons deal with them as such. They neither made purchases in the firm name, nor were bills rendered to them and paid by them in the name of the firm. They endorsed, it is true, the notes of the company, but they endorsed them as *individuals* and *not as a firm.* So after a full consideration of all the testimony in this case, we are of opinion that petitioners have failed to prove a partnership as between the appellants. And, this being so, it is unnecessary to consider whether the several mortgages executed by the appellants were acts of insolvency within the meaning of our insolvent law.

*Judgment and order reversed,*
*and petition dismissed.*