# SPENCER D. CORBIN

*vs.*

# JOHN W. STATON, Receiver.

*Witness—Refreshing Memory—Lost Entries—Admissions.*

Entries copied by an interested party from entries made by a clerk in the course of business may, after the loss of the latter entries, be used by such interested party to refresh her memory in testifying as to the contents of such lost entries, although not admissible as independent evidence in regard to the claim in suit. pp. 152, 153

In an action for the price of certain articles, entries, made by defendant in a note book kept by him, of his receipt of such articles, *held* admissible as admissions against interest. p. 153

*Decided June 28th, 1921.*

Appeal from the Circuit Court for Worcester County (Bailey and Duer, JJ.).

Action by John W. Staton, receiver for Calvine Howerton and William B. Duncan, partners, trading as Howerton & Duncan, against Spencer D. Corbin. From a judgment for plaintiff, defendant appeals. Affirmed.

Defendant and his brother, James C. Corbin, lived on the same farm, but carried on farming on distinct portions thereof. Separate suits were brought by this plaintiff against the two brothers for barrels delivered.

The note book referred to in the second bill of exceptions contained entries reading "Barrels from Miss Howerton," and dates and numbers thereunder.

The cause was argued before Boyd, C. J., Pattison, Urner, Stockbridge, Adkins, and Offutt, JJ.

*George M. Upshur* and *Frank Wailes,* with whom were *Upshur & Upshur* and *Ellegood, Freeny & Wailes,* on the brief, for the appellant.

Neither Mariner nor Miss Howerton could testify of their own knowledge about the sale of barrels to the defendant. The copies in the book produced by Miss Howerton were not admissible because they were not original entries, and because, further, they were made by a party interested. *Romer* v. *Jaecksch,* 39 Md. 585; *Thomas* v. *Price,* 30 Md. 483.

Entries in an account book made by a bookkeeper of the witness, the plaintiff, as copies of original entries made by the witness in another book, as independent evidence, are not admissible. *Dick* v. *Biddle,* 105 Md. 308.

If the entries in Miss Howerton's book had been original entries instead of copies of original entries, they would not have been admissible, because made by an interested party. How can *copies* made by a party in interest of alleged original entries claimed to be lost and not produced stand in any better light than original entries themselves when made by the same party? The same principle and reasoning which excludes *original entries* from being evidence when made by a party in interest would even more strongly apply to *copies* made by such a party.

The objection to the question set forth in the fifth exception and the answer thereto is that it refers entirely to hauling barrels for James C. Corbin, and, therefore, had no bearing whatever upon the issues in this case.

*John Staton Whaley* and *John W. Staton,* with whom was *Joshua W. Miles* on the brief, for the appellee.

Before Mr. Corbin ever got any barrels Mariner had been requested by Miss Howerton to keep the accounts. For that purpose he was a clerk of Howerton & Duncan. It was his business to keep those accounts. He had competent knowledge of the facts. There was no particular motive to have entered that transaction falsely more than any other. The

entries were made at or about the time of the transaction recorded. Those are the requirements (Gorter on Evidence, 119-120), and they were all fully met. The calendar sheets were the shop books of Howerton & Duncan.

The original entries, made by a disinterested third person, being unavailable, the testimony of Miss Howerton was admissible to prove what those entries were, she not being disqualified as a witness because a party to the suit. Without her written record she could testify, if she could remember, what the entries were, but her testimony was much stronger than that. It was that she had copied them in her own book, which book was produced, but not offered in evidence, and from it she testified what the original entries were, not that they were correct.

STOCKBRIDGE, J., delivered the opinion of the Court.

Certain rulings of the trial court were the occasion for the five bills of exception upon which this appeal was taken.

The appellant and his brother were farmers in Worcester County, and the raising and marketing of potatoes were one of their principal crops. The appellee is the receiver for Howerton & Duncan, from whom the appellant and his brother purchased the barrels for shipping their potatoes. The Corbins, Spencer and James, are not sued for the barrels furnished as partners, and probably were not such, although in his testimony Spencer Corbin says, in answer to the question, "You are not in partnership?" "In one sense of the word, we are."

The course of business appears to have been as follows: The barrels were made at the factory of Howerton & Duncan under the supervision and direction of J. T. Mariner, who, as the barrels were delivered to customers, made an entry of the number on a calendar sheet, and once a week Miss Howerton would get the sheet and copy, in a book of her own, the number and to whom delivered. What thereafter became of these sheets is not entirely clear. Miss Howerton thinks she

sent them to Mr. Duncan, but he does not recall having received them. In this connection Miss Howerton was asked what entries she found on the sheets made out by Mr. Mariner, and this she could only answer from the copy she had made.

This was the occasion for the first bill of exception, as on objection the court permitted her to answer. The third and fourth bills presented practically the same question.

As the sheets kept by Mr. Mariner contained only the number of barrels delivered and to whom delivered, all that could be accomplished by the copy made by Miss Howerton, would be to refresh her memory upon these two points.

In the dissenting opinion filed by Judge Bryan in *Owens* v. *State,* 67 Md. 307, he draws the obvious distinction proper to be made between a case where the writings are to go to the jury as evidence of the matters stated in them, and those which can or do only serve to refresh the memory of the witness. The only purpose of the writing in the present case was to refresh the memory, for no prices were entered, and Miss Howerton could not have been expected to testify from memory unaided the number of barrels delivered or the dates of delivery. The case, therefore, falls directly within the rule laid down in *Bullock* v. *Hunter,* 44 Md. 416; *Bull* v. *Schuberth,* 2 Md. 38; *Morris* v. *Columbia Iron Works,* 76 Md. 364; *Stallings* v. *Gottschalk,* 77 Md. 429; *Lynn* v. *Cumberland,* 77 Md. 449; *Billingslea* v. *Smith,* 77 Md. 504; and reaffirmed as recently as the case of *Phila., B. & W. R. Co.* v. *Diffendal,* 109 Md. 494.

The second bill of exceptions was made to admitting in evidence a note book kept by the appellant. These entries were clearly admissible as admissions against interest, and tended to confirm the entries copied by Miss Howerton from Mr. Mariner's sheets.

The fifth bill of exceptions was to the admission of the testimony given on rebuttal as to the delivery of six hundred barrels. This item did not appear either on the account of

Miss Howerton, or that kept by Mr. Corbin, and was immaterial, but it is impossible to see how Mr. Corbin was injured by the admission of this testimony.

As no reversible error appears in the ruling of the trial court, the judgment appealed from will be affirmed.

A motion was made to dismiss this appeal, and in view of what has been said it is not strictly necessary to pass upon this, but in addition to this, it clearly appears from the affidavits which have been filed that the failure to transmit the record within the statutory period was the fault of the clerk, and, for that reason as well, the motion should be overruled.

*Motion to dismiss appeal overruled, and judgment affirmed with costs.*