# EDITH E. WEST

## vs.

## JAMES DRISCOLL.

### *Partnership by Estoppel—Evidence.*

The ground of liability of a person as partner, who is not so in fact, is that he has held himself out to the world as such, or has permitted others to do so, and that he is therefore estopped to deny that he is a partner, as against those who have, in good faith, dealt with him as such.      p. 207

Whether one has held himself out as a partner, or permitted it to be done, is a question of fact.      p. 207

In an action by which plaintiff sought to hold a married woman as a partner of her husband, on the ground of estoppel, evidence as to deposits made in a bank, at the time of the husband's transactions with plaintiff, to the wife's credit, was admissible to show her connection with the business conducted by the husband, and to establish her liability as partner.      p. 207

Evidence was also admissible as to transactions in previous years, involving purchases by the wife jointly with her husband, of a character similar to the purchases for which plaintiff was seeking to hold her liable.      p. 208

Admissions by defendant in reference to the purchases made by her husband, on which plaintiff was seeking to hold her liable as a partner by estoppel, were admissible.      p. 208

In an action in which it was sought to hold a married woman on certain purchases by the husband, as partner with him by estoppel, *held* that statements made by the husband at the time of the purchases, to the effect that he and his wife were partners, and that they together were worth a named sum, were admissible as against the wife.      p. 208

If the defendant proceeds to present evidence after the court has declined to take the case from the jury on the plaintiff's evidence, he waives any error in the rejection of the prayer.

     p. 209

*Decided January 10th, 1923.*

Appeal from the Circuit Court for Worcester County (BAILEY, J.).

Action by James Driscoll against John G. West and Edith E. West, his wife, as partners trading as J. G. and E. E. West. From a judgment for plaintiff against said Edith E. West, she appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, URNER, STOCKBRIDGE, and ADKINS, JJ.

*Gordon Tull,* with whom was *L. Creston Beauchamp* on the brief, for the appellant.

*A. W. W. Woodcock,* with whom were *Woodcock & Webb* on the brief, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This appeal is from a judgment, rendered in the Circuit Court for Worcester County, in favor of the plaintiff against the defendant, Edith E. West, for the sum of three hundred and fourteen dollars, with interest and costs.

The suit was brought by the plaintiff against the defendants, John G. West and Edith E. West, his wife, partners trading as J. G. and E. E. West. The liability of the defendant, John G. West, was admitted and a judgment by confession against him was entered in favor of the plaintiff on the 4th of April, 1922, for the sum of $345.34, with interest and costs. The trial then proceeded against Mrs. West, the wife, and from a judgment recovered against her, on the 10th day of April, 1922, for the sum of $314, she has taken this appeal.

The record, it will be seen, contains sixteen bills of exceptions, fourteen of which relate to the rulings of the court on the admission of evidence, and the fifteenth and sixteenth to the rulings on the prayers.

The principle defenses relied upon by the defendant, Edith E. West, and set up by her pleas to the plaintiff's declaration in assumpsit, are first, that she and the other named defendant, John G. West, are not now and never have been partners, trading as J. G. and E. E. West, or under any other name or style, and second, that there is not now and never has been any firm or partnership composed of this defendant and the other defendant, John G. West, trading as J. G. and E. E. West, or any other name or style.

The law applicable to the facts of this case is well established by authority, and is thus stated in *Fletcher* v. *Pullen,* 70 Md. 205. The ground of liability of a person as partner, who is not so in fact, is that he has held himself out to the world as such, or has permitted others to do so and, by reason thereof, is estopped from denying that he is one as against those who have, in good faith, dealt with the firm or with him as a member of it. And whether a defendant has so held himself out or permitted it to be done, is in every case a question of fact and not of law. *Waring* v. *Nat. Marine Bank,* 74 Md. 278; *Lighthiser* v. *Allison,* 100 Md. 103.

The first, second and third exceptions were taken to certain questions asked the witness Sudler, assistant cashier of the Bank of Somerset, Princess Anne, Md., regarding certain deposits made in that bank, to the credit of an account which had been opened under the name of E. E. West, and made on the 17th and 25th of August, 1920. The evidence sought to be introduced by the questions set out in these exceptions was clearly admissible for the purpose of showing the connection of Mrs. West with the business conducted under the name of J. G. and E. E. West, and for the purpose of establishing her liability as a partner by reason of the course of business between them. *Fletcher* v. *Pullen,* 70 Md. 205.

The fourth and fifth exceptions may be considered together, as they relate to the testimony of the assistant cashier of the Salisbury National Bank, concerning certain business transactions of the defendant E. E. West with that bank in 1916

and 1917, and the payment by her through checks to farmers
for the purchase of produce during those years, and that she
was engaged in buying produce, with her husband, at that
time. There was no error in the ruling on these exceptions.
*Waring* v. *Nat. Marine Bank,* 74 Md. 278.

The admissions and conversations of the defendant Mrs.
West with the witness Jackson, set out in the sixth bill of
exception, were clearly admissible, as reflecting upon her con-
nection with the business of buying produce and paying for it
with J. G. and E. E. West checks.

There was no error in the ruling of the court in admitting
in evidence the checks drawn by the defendant E. E. West,
in August, 1918, as set out in the seventh exception.

The testimony of the witness Hearne, that he had dealings
with the defendants in 1920, and that, in 1915 and 1917, he
saw her out at the cantaloupe grounds paying for cantaloupes
purchased, as set out in the eighth and ninth exceptions, was
properly admitted, as reflecting upon her connection with the
partnership business.

The tenth, eleventh, twelfth, thirteenth and fourteenth
exceptions all relate to the testimony of the witness Freeman
(who was superintendent at the auction block conducted by
the chamber of commerce of Salisbury, Maryland, where the
bidding was held, which resulted in the sale of the produce)
as to certain admissions and statements made to him by the
defendant J. G. West during the early part of August, 1920,
to the effect that he, West, was holding out his wife as a part-
ner to the public, and to the plaintiff in the case, and they
were worth together $18,000. This testimony, with the other
testimony in the case, reflecting upon the knowledge and as-
sent of the person sought to be charged, was clearly admissi-
ble for the purpose of showing a partnership by estoppel, and
a liability on the part of the defendant, E. E. West. *Folk* v.
*Wilson,* 21 Md. 538; *Thomas* v. *Green,* 30 Md. 1. The law is
well settled that a person, not a partner in fact, may be liable
as such to third persons upon the ground that he has held

himself out to the world as such or has permitted others to do so, and is therefore estopped from denying that he is one as against those who have in good faith dealt with the firm or with him, as a member of it.

This brings us to the rulings of the court upon the prayers.

The defendant's prayer offered, at the conclusion of the plaintiff's testimony, asking the court to instruct the jury that, under the pleadings, there was no evidence in the case legally sufficient to entitle the plaintiff to recover against this defendant, and therefore the verdict of the jury must be for the defendant, Edith E. West, is not open for review by this Court. The rule is well settled that, if the defendant proceeds to present evidence after the court has declined to take the case from the jury on the evidence of the plaintiff, he waives any error in the rejection of the prayer. *Barabasz* v. *Kabat,* 91 Md. 53.

The court below granted the plaintiff's first, second, and third prayers and also granted the defendant's second, third and fourth prayers, but rejected the defendant's first and fifth prayers. The defendant excepted to the granting of the plaintiff's first, second and third prayers, and to the rejection of the defendant's first and fifth prayers, and this constitutes the defendant's sixteenth bill of exception.

The defendant's first and fifth prayers were demurrers to the evidence and, under the testimony set out in the record, the case could not have been properly withdrawn from the jury by the granting of these prayers.

The question whether a partnership in fact, or by estoppel, existed between the parties, was one of fact for the consideration of the jury on the whole evidence, and upon proper instructions of the law bearing upon the case from the court.

There were no special exceptions to any of the plaintiff's prayers, and they appear to present the law applicable to the plaintiff's theory of the case. These prayers are supported by the general rules announced by this Court in *Thomas* v. *Green,* 30 Md. 1; *Folk* v. *Wilson,* 21 Md. 538, and *Fletcher*

v. *Pullen,* 70 Md. 205, and need not be further considered by us. *Stewart* v. *Todd,* 190 Iowa, 283; Code, art. 45, sec. 20.

Upon the facts of the case, as disclosed by the record, the defendant's second, third and fourth granted prayers, and the plaintiff's first, second and third prayers, presented the law of the case, and were properly granted.

Finding no reversible error, in any of the rulings of the court, the judgment will be affirmed.

*Judgment affirmed, with costs.*