## COMMERCIAL CREDIT CORPORATION *v.* CHARLES E. ROZIER.

*Speedy Judgment Act—Denial of Signature—Mode of Making —Refusal of Instruction—Harmless Error.*

The refusal of plaintiff's prayers, involving the theory that defendant was liable if he accepted the trade acceptance in suit, was not ground for reversal, the issue of acceptance having been decided adversely to plaintiff.                          p. 271

In an action under the Speedy Judgment Act for Baltimore
City, on a trade acceptance, the facts that the defense that
defendant's signature was forged, though stated in a plea under
oath, was not set forth in the affidavit accompanying the plea,
as provided by the act, and that the plea omitted to state that
the signature was not authorized by defendant, as also provided
by the act, did not justify the reversal of a judgment for de-
fendant based on a finding by the jury in his favor on the issue
of forgery, the denial by the plea of the execution of the instru-
ment complying with the requirement of the Code of Public
General Laws, art. 75, sec. 28 (108).                pp. 271, 272

*Decided Februray 9th, 1927.*

Appeal from the Superior Court of Baltimore City (STAN-
TON, J.).

Action by the Commercial Credit Corporation against
Charles E. Rozier. From a judgment for defendant, plain-
tiff appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON,
URNER, ADKINS, OFFUTT, and PARKE, JJ.

*Malcolm H. Lauchheimer,* with whom was *Sylvan Hayes
Lauchheimer* on the brief, for the appellant.

*Arthur R. Padgett,* with whom was *Charles Jackson* on the
brief, for the appellee.

URNER, J., delivered the opinion of the Court.

In this suit under the Speedy Judgment Act of Baltimore
City, the cause of action is a trade acceptance alleged to have
been drawn on the defendant and by him accepted, and to
have been delivered to the plaintiff for value and before ma-
turity under successive endorsements by the drawer and other
holders of the instrument. The defendant pleaded the gen-
eral issue in two forms, and filed a third plea: "That the
signature on said trade acceptance, filed with the declaration,
is not his signature." The pleas were supported by an affi-

davit, in pursuance of the Speedy Judgment Act, stating that "every plea so pleaded by the defendant is true, and he admits no part of the plaintiff's claim to be due and owing and all of it is disputed."

When the case was called for trial the question arose as to whether the plaintiff was required to file a replication to the third plea, it being the view of plaintiff's counsel that the defense therein sought to be interposed could not be considered unless stated in the affidavit accompanying the pleas, as required by the Speedy Judgment Act. It is provided by the act that, "if there shall be filed with the declaration in said cause, any paper purporting to be signed by any defendant therein * * *, the genuineness of such signature shall be deemed to be admitted for the purposes of said cause, unless the said affidavit" (of the defendant) "shall further state that the affiant knows, or has good reason to believe, * * * that such signature was not written by or by the authority of the person whose signature it purports to be." Charter of Baltimore City, sec. 312. The Code of Public General Laws, however, contains the following provision: "Whenever the partnership of any parties, or the incorporation of any alleged corporation, or the execution of any written instrument filed in the case is alleged in the pleadings in any action or matter of law, the same shall be taken as admitted for the purpose of said action or matter, unless the same shall be denied by the next succeeding pleading of the opposite party or parties." It was the defendant's theory that, as his plea denying the signature purporting to be his on the trade acceptance in suit was in conformity with the General Code provision quoted, it was a sufficient statement of that defense for the purposes of the action. But, to obviate the question, the defendant asked leave to amend his third plea by adding to the denial of his signature the averment that the acceptance was not signed by his authority. The amendment was allowed by the court against the plaintiff's objection. An exception was taken by the plaintiff to this ruling. In reply to an offer by the court to continue the case, because of the amendment, the plaintiff's counsel stated that he was ready

to proceed and would file a replication to the plea, "reserving all rights." A replication traversing the amended plea was thereupon filed and issue was joined. A second exception was taken because the court ruled that a reply to the amended plea was necessary.

The case was tried before Judge Stanton, sitting as a jury, on the single issue of fact as to whether the name of the defendant appearing on the trade acceptance was his genuine or authorized signature. Upon that issue the verdict was for the defendant. During the trial the trade acceptance was offered in evidence without any proof as to the defendant's signature, but the court declined to admit it against him without such proof, and to this ruling the third exception was reserved. Three prayers were offered by the plaintiff and refused by the court. Two of them involved the theory that the plaintiff was entitled to recover as a holder in due course if the defendant accepted the trade acceptance, but as that exclusive issue of fact was decided adversely to the plaintiff, the refusal of those prayers, though they were proper in form, affords no ground of reversal. The third prayer sought a directed verdict for the plaintiff on the theory that the execution of the trade acceptance by the defendant was in effect admitted by the pleadings. The refusal of the plaintiff's three prayers was the occasion of the fourth exception.

If the appellant's main contention is sustained, the case must be remanded for a new trial, from which the defense of forgery will be excluded, regardless of the evidence available for its support, and of the fact that it has been approved by the verdict of a jury. That drastic result would be produced merely because the defense of forgery, though stated in a plea under oath, was not set forth in the affidavit by which the plea was verified, and because the statement of the defense, though denying the signature of the defendant to the instrument sued on, omitted to add, prior to the amendment allowed, that his name was not signed by his authority. The speedy judgment acts were designed to expedite the enforcement of valid claims, but not to preclude a meritorious defense reasonably interposed in substantial compliance with their terms.

It was certainly not their purpose to prevent the courts from serving the obvious ends of justice under such conditions as those which this case presents. The cases of *Farmers and Merchants Bank v. Harper,* 151 Md. 358, and *Commercial Credit Corp. v. Shuck,* 151 Md. 367, upon which the appellant relies for a reversal of the judgment below, would not justify such a result. In the first of those cases the execution of the note sued on was not denied in the next succeeding pleading, as provided by the Code, art. 75, sec. 28 (108); and in the second case the defense of forgery was not stated in a plea or affidavit within the time which the Speedy Judgment Act prescribed. In this case a plea, verified by affidavit, denying that the defendant signed the trade acceptance in suit, was filed at the proper time. The form of the plea was in exact accordance with the Code provision relating to such pleas in ordinary actions, and while its averment should properly have been included in the accompanying affidavit, and should further have stated that the signature purporting to be that of the defendant was not written by his authority, yet the nature of the defense was plainly disclosed by the plea, and the plaintiff's right to a fair trial was not prejudiced in the slightest degree by the permitted amendment. As the practical purposes of the statute were thus gratified, it would have been unduly technical for the lower court to hold that the defendant should be absolutely deprived of the legitimate defense which he had promptly and definitely asserted. It would be even more unjustifiable for this Court, after the defense of forgery has been sustained by the verdict of a jury in a trial on the merits, to hold, upon the technical theories under consideration, that the case should be remanded for a new trial in which the defendant's only ground of defense would not be pleadable in opposition to the plaintiff's recovery.

The exceptions in the record show no sufficient cause for reversal.

*Judgment affirmed, with costs.*

Bond, C. J., and Parke, J., dissent.