(No. 22138.—

LOYD LOWE, Defendant in Error, *vs.* W. W. HUCKINS *et al.* Plaintiffs in Error.

*Opinion filed April 21, 1934—Rehearing denied June 6, 1934.*

MILLER & SHAPIRO, and EVA L. MINOR, (W. R. HUN-TER, *pro se,*) for plaintiffs in error.

WALTER C. SCHNEIDER, for defendant in error.

Mr. CHIEF JUSTICE ORR delivered the opinion of the court:

Loyd W. Lowe secured a judgment on the verdict of a jury in the circuit court of Kankakee county against W. W. Huckins, W. R. Hunter, Sam Battaglia and Charles

Pratt, defendants, for $23,319.88. A motion for a new trial was overruled and defendants appealed to the Appellate Court for the Second District. That court affirmed the judgment, and a writ of *certiorari* brings the case here.

In the spring of 1929 it was necessary to re-organize the Legris Trust and Savings Bank of Kankakee. A new bank, the American Trust and Savings Bank, was organized. Lowe purchased 400 shares of stock in the new bank, while defendants took the following number of shares: Hunter 50, Huckins 10, Battaglia 47 and Pratt 53. All of the parties to this action were directors of the new bank and Hunter was also president *pro tem*. The new bank encountered difficulties and a crisis in its affairs was reached in December, 1929. On December 11 the State Auditor issued the ultimatum that $50,000 in cash must be raised at once or the bank would be closed. Various expedients were tried to raise the money. One of these was to have F. E. Legris, Sr., sell 200 of over 400 shares he owned of the bank stock. He was a director in the new bank and had filled a similar position in the old bank. The new bank held a note for $50,000 which had been executed by Legris, Sr., and some other directors of the old bank. To purchase the 200 shares $21,000 was needed. This money was obtained on December 11 from another bank in Kankakee through a loan evidenced by a thirty-day note signed by Lowe and the four defendants. When the note became due it was discharged by the parties giving a new note for the principal sum plus accumulated interest of $105. When this renewal note became due pressure was brought on Lowe to pay it. This he did and the note was assigned to him by the bank. The proceeds from the sale of the Legris, Sr., stock were applied by the bank as credit on the $50,000 note of the old bank directors. Legris, Sr., did not receive a cent of the money for the stock he delivered to defendant Pratt. The American Trust and Savings Bank closed its doors December 27, 1929.

The gist of Lowe's declaration in assumpsit is that defendants requested him to sign the note as an accommodation co-maker, in order that defendants might avail themselves of his credit. In reply, defendants contend that the note was Lowe's note and that they signed it as sureties and not otherwise. They deny that Lowe was ever requested to sign the note by them and insist that the indebtedness was his, alone.

It will be noted that this is not an action to compel contribution. The errors briefed and argued have to do with the allegedly erroneous admission of certain evidence and the error committed in giving certain instructions.

The determination of issues of fact by the Appellate Court in all actions at law is binding upon this court on *certiorari,* appeal and writ of error. (*Roe* v. *Roe,* 315 Ill. 120; *Brown* v. *Illinois Terminal Co.* 319 id. 326.) The judgment of the Appellate Court affirming the judgment of the trial court conclusively settles the facts unless there is a total lack of evidence in the record upon which to base the judgment. (*Liska* v. *Chicago Railways Co.* 318 Ill. 570; *Rigdon* v. *Moore,* 226 id. 382.) Under such circumstances this court has repeatedly held that it will only consider the evidence in determining whether, as a matter of law, evidence is present in the record tending to support the judgment of the Appellate Court.

In considering the first alleged error in the admission of evidence, defendants charge that Lowe set up in his declaration that he signed the note at the request of all the defendants. They claim that the proof shows that only defendant Huckins asked Lowe to sign. This proof, they insist, does not aid Lowe, for in order to bind the other defendants such request must rest upon a joint interest between them which has been duly proved. Lowe replies that such joint interest has been proved, not by showing that each defendant made the request but by proof of circumstances and corroborative facts. The litigants in

their discussion of the evidence have engaged in lengthy disputes, each picking out particular portions of the testimony to bolster their respective arguments. To state these highly conflicting portions of testimony in an endeavor to reconcile them would unnecessarily lengthen this opinion without changing its result.

At common law the admission by one of several interested in the subject matter, when it is related to that subject, is admissible against the others. (*McMillan* v. *McDill*, 110 Ill. 47.) This rule applies to one joint maker of a promissory note. (22 Corpus Juris, 352; 2 Jones on Evidence, (1913 ed.) par. 252.) An apparent joint interest is not sufficient to warrant the admissions of one party in evidence where the reality of that interest is the point in controversy. (1 Greenleaf on Evidence, sec. 177.) However, where a *prima facie* case of joint interest has been established the admissions of one joint obligor will bind the others. This *prima facie* situation may be established either by direct evidence or by evidence of facts in corroboration or ratification. (2 Jones on Evidence, (1913 ed.) par. 251, p. 425.) An examination of the record here reveals the presence of abundant testimony to establish not *prima facie*, but conclusively, the existence of a material, subsisting joint interest between the defendants. The order in which the proof of joint interest is made is not material, for the order of that proof rests within the sound discretion of the trial court to a large extent. *Buttitta* v. *Lawrence*, 346 Ill. 164.

Defendants assign error because the trial court admitted plaintiff's exhibits 8 and 9 in evidence. Exhibit 8 is a memorandum made nine months after the bank closed, signed by all the parties to the suit. It recites that during the autumn of 1929 the five purchased certain notes of the American Trust and Savings Bank and borrowed money on their joint note to pay for the same. The exhibit shows that the five agreed that all losses suffered on

the paper purchased should be sustained by each in proportion to the number of shares of bank stock held by them in the American Trust and Savings Bank—Lowe 400, Huckins 10, Hunter 50, Battaglia 47 and Pratt 53. The objection to this exhibit was general. The exhibit was admissible to show that the five parties did not at the time consider that Lowe owned 600 shares but only 400 shares. This exhibit is germane to Lowe's position that he did not buy the 200 shares from Legris, Sr. Exhibit 9 is a certificate of interest of Lowe and defendants in certain property bought at foreclosure sale. The proportion of interest is figured according to the number of shares of stock each owned in the bank prior to December 11, 1929. This exhibit is complementary to exhibit 8, for it evidences a lack of change in Lowe's stock holdings. The trial court did not err in admitting the two exhibits in evidence.

Defendants attack all seven instructions given in Lowe's behalf, based upon his theory of the case. These instructions do no violence to the established law, but, on the contrary, set forth with exactitude and clarity the legal principles applicable to plaintiff's position. The record shows that the trial court also gave eight instructions for defendants, which fairly presented to the jury the law applicable to the facts alleged by them to exist. Simply because instructions given for the plaintiff do not agree with the theory of defense is in itself no reason for rejecting them. The objections are not meritorious.

For the reasons given, the judgment of the Appellate Court affirming the judgment of the circuit court of Kankakee county is affirmed.

*Judgment affirmed.*

JUSTICES HERRICK and SHAW, dissenting.