ERNEST S. McBRIETY, ET AL. *v.* HUBERT
PHILLIPS, ET AL.

[No. 8, April Term, 1942.]

*Decided May 26, 1942.*

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*John L. Sanford, Jr.,* and *Stanley G. Robins,* with whom were *Frederick P. McBriety* and *John William Long* on the brief, for the appellants.

*James A. McAllister,* with whom were *J. Gordon Hill,* and *Godfrey Child* on the brief, for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

The declaration filed in this case in the Circuit Court for Dorchester County contained the common counts and a special count alleging that the plaintiffs, Ernest C. Mc-Briety, Roy J. Rhodes and Marion F. Kent, trading as R. J. Rhodes Distributing Company, delivered certain beer and ale to the defendants, Hubert Phillips and Norman Willey, trading as Cozy Spot, from August, 1939, to July, 1940.

Willey was adjudicated bankrupt on August 24, 1940. Phillips filed general issue pleas and a plea denying that he had ever been associated in partnership with Willey. The case was removed to the Circuit Court for Wicomico County, and later to the Circuit Court for Worcester County, where Phillips was given permission to withdraw his pleas and demur. The plaintiffs thereupon withdrew all their counts except the seventh common count, to which Phillips again filed general issue pleas and a plea denying partnership.

The plaintiffs filed a motion to strike out the special plea on the ground that general issue pleas had been filed previously. At common law, whenever a declaration alleged a partnership or a corporation or a written instrument material under the pleadings, and issue was joined on the general issue pleas, the burden was on the plaintiff to prove the existence of the partnership or the corporation or the genuineness of the instrument. In the great majority of cases it was impossible to refute the allegation, yet the plaintiff was obliged to produce the evidence, however troublesome or expensive. 9 *Wigmore on Evidence,* 3rd Ed., Sec. 2596. In order to obviate this useless procedure, the Legislature in 1888 enacted the rule that whenever the pleadings in an action at law allege the partnership of any parties, or a corporation, or the execution of any written instrument filed in the case, the same shall be taken as admitted

unless denied by the next succeeding pleading of the opposite party. Acts of 1888, Chap. 248, Code, 1939, Art. 75, Sec. 28, Subsec. 108. The object of the statute is to facilitate the trial of cases by requiring defendants to declare whether they demand such proof. If a defendant expressly denies the existence of a partnership alleged in the declaration, he casts the burden of proof upon the plaintiff. But if the defendant files the general issue pleas and fails to make an express denial of the partnership, then the existence of the partnership is admitted and cannot be put in issue. *Banks v. McCosker,* 82 Md. 518, 34 A. 539, 51 *Am. St. Rep.* 478; *Fifer v. Clearfield & Cambria Coal & Coke Co.,* 103 Md. 1, 62 A. 1122; *Commercial Credit Corporation v. Schuck,* 151 Md. 367, 134 A. 349. In *Farmers' & Merchants' National Bank of Cambridge v. Harper,* 151 Md. 358, 137 A. 702, it was held by this court that after issue was joined on the general issue pleas the defendant was precluded from filing the special plea, and the trial court had no power to grant leave to file such a plea in contravention of the statute. But in the court below, Phillips expressly denied partnership in the pleading next succeeding the original declaration; and after the plaintiffs withdrew all the counts except one, he again expressly denied partnership in the next succeeding pleading. By timely denial of the partnership in pleading both to the original and the amended declarations, he complied with the requirement of the statute. Furthermore, the right of the plaintiffs to a fair and expeditious trial was in no way prejudiced by any action on his part. It would be unduly technical to hold that a defendant should be deprived of a legitimate defense which he has definitely and promptly asserted, when the practical purpose of the statute has been gratified. *Commercial Credit Corporation v. Rozier,* 152 Md. 268, 272, 136 A. 636.

The main issue in this case is whether there was any evidence legally sufficient to show that Phillips was engaged in business as a partner of Willey. The trial court directed a verdict in favor of Phillips, and from the judg-

ment on that verdict the appeal was taken. The plaintiffs are wholesalers of beer and ale on the Eastern Shore. Harvey Wilson, an employee of Gunther Brewing Company, testified that, while acting as an agent for the plaintiffs in August, 1939, he conferred with Phillips concerning his plan to open the Cozy Spot in Cambridge; discussed the different kinds of beer he intended to sell, and suggested the plan of erecting a sign outside the store. At that time Phillips had not yet decided in whose name the application would be made for the beer license. The sales agent reported the conversation to Roy J. Rhodes, of Salisbury, one of the plaintiffs, and about ten days later the plaintiffs began shipping beer and ale on credit to the Cozy Spot.

Dr. Frederick B. Easton, of Cambridge, testified that Phillips told him on several occasions in the summer of 1939 that he was planning to open the Cozy Spot and operate it in another man's name. Dr. Easton recalled that soon after the place was opened Phillips said that Norman Willey was managing it for him, and early in 1940 he again said that he owned the place and "everything was going along fine down there and he was making money." It is an accepted rule that the declarations of an alleged partner are admissible against him to prove the existence of a partnership, even though they are made to some one other than the plaintiff. *Fleming v. Stearns*, 79 Iowa 256, 44 N. W. 376; 47 *C. J., Partnership*, Sec. 127.

Willey was not allowed by the trial court to answer whether Phillips had bought the equipment which was used in the Cozy Spot. Inasmuch as evidence of the purchase of store equipment is relevant to the issue, such evidence should have been submitted to the jury for their consideration along with other evidence in determining whether Phillips was actually interested in the business. The issue of partnership as between the parties themselves may be proved by express agreement, or may be gathered from the intention of the parties as implied from their acts. If parties enter into a con-

tract such as the law considers to be a partnership, they become partners whether they call themselves such or not. Accordingly, when two persons agree to carry on a business for their mutual benefit, one to furnish the capital and the other to perform the services, and to share any profits that might be derived from the business, they are both liable to creditors of the firm. *Waring v. National Marine Bank of Baltimore,* 74 Md. 278, 22 A. 140; *Southern Can Co. v. Sayler,* 152 Md. 303, 136 A. 624. The Uniform Partnership Act, which has been adopted by this State, declares that payment to any person of a share of the profits of a business shall be *prima facie* evidence that he is a partner in the business, except when the payment is made for debt, wages, annuity, interest or the sale of any property of the business. Code, 1939, Art. 73A, Sec. 6.

It was testified by Rhodes that Willey told him by telephone in August, 1940, that he would instruct him how to make out his bill when he came to Cambridge. Rhodes went to the store on August 6, 1940, with an itemized statement of account showing the amount of indebtedness to be $893.18. The court refused to allow Rhodes to tell how Willey had instructed him to make up the heading of the bill, and also excluded the statement, which was approved by Willey. This statement was made out against "Cozy Spot, Hubert Phillips, Norman Willey, Mgr." The rule has been adopted in this State that entries made by a clerk in the regular routine of business are admissible in evidence, on the theory that he has no interest in stating an untruth; but entries made by a party to a transaction, having a direct interest in the subject matter, are not admissible to charge another. *Romer v. Jaecksch,* 39 Md. 585; *Gill v. Staylor,* 93 Md. 453, 467, 49 A. 650; *Deland Mining & Milling Co. v. Hanna,* 112 Md. 528, 76 A. 850, 136 *Am. St. Rep.* 404. In this case, however, Willey approved the entire bill with the notation: "Bill to date O. K., Norman Willey." When memoranda are sufficiently definite and constitute admissions, they may be introduced as *prima*

*facie* evidence, even though they are of an informal character. *Corbin v. Staton,* 139 Md. 150, 115 A. 23; 31 *C. J. S., Evidence,* Sec. 283. It is also held that a person's admission within the scope of a common purpose is admissible against another if it relates to joint interest in the matter from which the liability is claimed to arise. Thus, where two defendants are jointly liable on a contract, the admission of one as to goods delivered or services rendered under the contract is admissible against both. *Lowe v. Boteler,* 4 Har. & McH. 346, 1 *Am. Dec.* 410; *Forsyth v. Doolittle,* 120 U. S. 73, 7 S. Ct. 408, 30 L. Ed. 586; 20 *Am. Jur., Evidence,* Sec. 589. Of course, a mere allegation of joint interest is not sufficient to warrant admission in evidence of an acknowledgment of one co-defendant to prove joint interest where the fact of joint interest is the point in controversy. For example, in a suit to hold a person liable for goods sold to another on the ground that they were for the use of a partnership, of which the defendant is alleged to be a member, it is obvious that the issue of partnership cannot be proved by admissions made by the person to whom the goods were sold when the defendant was not present. Where, however, the existence of a partnership is proved by evidence other than the admissions, and a *prima facie* case is thereby established, such admissions of one partner may be admitted in evidence as against another. And the existence of joint interest may be established either by direct evidence or by evidence of facts in corroboration or ratification. *Bridge v. Gray,* 14 Pick., Mass., 55, 25 *Am. Dec.* 358; *Lowe v. Huckins,* 356 Ill. 360, 190 N. E. 683; 40 *Am. Jur., Partnership,* Sec. 84; 31 *C. J. S., Evidence,* Sec. 318. It appears from the record that there was sufficient evidence in the lower court to establish a *prima facie* case. According to Rhodes, Phillips declared on August 6, 1940, that he "was disgusted with the place, and he was going to take his equipment out and lock the place up." Nevertheless, if the defendants were partners in this enterprise, and we believe the evidence tended to show

that they were, the promise of one would bind both. *Fleming v. Stearns,* 79 Iowa 256, 44 N. W. 376.

Rhodes was not permitted to testify as to the report of the sales agent concerning his conference with Phillips in August, 1939. Under the rule of *res gestae,* conversations of parties in the course of a transaction are admissible when the words are spontaneous and so closely related to the principal transaction as to explain its character. 1 *Jones on Evidence in Civil Cases,* 4th Ed., Sec. 358; 6 *Wigmore on Evidence,* 3rd Ed., Sec. 1776; 20 *Am. Jur., Evidence,* Secs. 662, 680. Such utterances, irrespective of their trustworthiness as assertions, are received as verbal parts of the entire act. In upholding this rule, Justice Swayne said: "In the complexity of human affairs, what is done and what is said are often so related that neither can be detached without leaving the residue fragmentary and distorted. There may be fraud and falsehood as to both; but there is no ground of objection to one that does not exist equally as to the other. * * * The tendency of recent adjudications is to extend rather than to narrow the scope of the doctrine. Rightly guarded in its practical application, there is no principle in the law of evidence more safe in its results." *Travellers' Insurance Co. v. Mosley,* 8 Wall. 397, 408, 19 L. Ed. 437, 441. In order to be admissible, such statements need not have been made simultaneously with the conclusion of the contract, but they must have been made during the negotiations leading to the contract and must have influenced the parties in making it and thus entered into it as a part of it. *Grout Bros. v. Moulton,* 79 Vt. 122, 64 A. 453. Hence, when a sale is made by a duly authorized agent acting within the scope of his authority, the declarations made by him in the course of the transaction are considered as the declarations of the principal and received as part of the *res gestae. Bradford v. Williams,* 2 Md. Ch. 1; *Fifer v. Clearfield & Cambria Coal & Coke Co.,* 103 Md. 1, 62 A. 1122; 20 *Am. Jur., Evidence,* Sec. 676. It has been specifically held that the declarations of an agent, if they are so closely connected with

a transaction as to form a part of it, may be admitted in evidence to determine to whom credit was extended. *National Bank of Metropolis v. Kennedy*, 17 Wall. 19, 21 L. Ed. 554. The declarations of the seller and of his agent should be admitted in evidence because the transaction would not have any effect unless both the seller and the buyer reached an agreement, and these utterances are received for the purpose of making the tenor of the seller's act more definite. 6 *Wigmore on Evidence*, 3rd Ed., Sec. 1777. The purpose of the testimony in this case was to show that the plaintiffs extended credit to Phillips on the faith of his representations. Such declarations are considered as original evidence, rather than hearsay, and should be admitted in evidence.

The principle of law is firmly established that a person, even though not a partner in fact, is liable as a partner to those persons who deal in good faith with the firm or with him as a member of it with the reasonable belief that he is a member of the firm, provided that he so holds himself out to such persons or the public, or is so held out by his authority or with his knowledge and assent, and credit is to some extent induced by this belief. The doctrine of partnership by estoppel is founded upon principles of justice for the purpose of preventing fraud. When a person has induced others to believe that he is a partner and to extend credit to the partnership by reason of such belief, he should not be permitted to deny that participation which he has asserted or permitted to appear to exist, even though not existing in fact. *Thomas v. Green*, 30 Md. 1; *Fletcher v. Pullen*, 70 Md. 205, 16 A. 887, 14 *Am. St. Rep.* 355; *Lighthiser v. Allison*, 100 Md. 103, 59 A. 182; *West v. Driscoll*, 142 Md. 205, 120 A. 445. The statute provides that when a person consents to be represented in a public manner as a partner, he is liable to any person who gives credit on the faith of such representation, even though the representation is communicated to the creditor without the apparent partner's knowledge. Acts of 1916, Chap. 175, Code, 1939, Art. 73A, Sec. 16. In order to invoke the

doctrine of estoppel, it must be shown that the creditor acted in reliance upon the representations at the time he entered into the transaction. *Thompson v. First National Bank of Toledo,* 111 U. S. 529, 4 S. Ct. 689, 28 L. Ed. 507; 3 *Page on Contracts,* 2d Ed., Secs. 1706, 1707, 1708. If a person knows that he is held out as a partner by another, he is just as liable as though he had called himself a partner, unless he does all that a reasonable and honest man would do under similar circumstances to assert his denial in order to remove the impression and prevent innocent parties from being misled. *Fletcher v. Pullen,* 70 Md. 205, 215, 16 A. 887, 14 *Am. St. Rep.* 355; *Parsons on Partnership,* 3rd Ed., 146.

The question whether a partnership existed in fact or by estoppel is a question of fact for the consideration of the jury. *West v. Driscoll,* 142 Md. 205, 209, 120 A. 445. Any conduct on the part of a person reasonably calculated to lead others to suppose that he is a partner in a particular business amounts to a holding out on his part. Evidence is competent to show that the plaintiffs trusted Phillips in good faith and sold the beverages with the understanding that he was interested in the business. The testimony of the sales agent, substantiated by the testimony of the other witnesses at the trial below, was sufficient to justify submission of the case to the jury. Even though it is shown that Phillips and Willey were not partners in fact, the jury should be permitted to determine whether or not Phillips held himself out as a partner and thereby induced the extension of credit.

Since the withdrawal of the case from the jury was improper, the judgment in favor of Phillips must be reversed.

*Judgment reversed and new trial awarded, with costs.*