MOORE *v.* ROGERS WHOLESALE GROCERY COMPANY.

Opinion delivered July 9, 1928.

994

*J. W. Grabiel* and *John Mayes*, for appellant.

*Blansett & Combs, John W. Nance* and *Daily & Woods,* for appellees.

KIRBY, J. Appellees brought separate actions against appellant, M. W. Moore, J. L. Moore and the Fayetteville Grocery Company, alleging that the Moores were engaged in the retail grocery business in Fayetteville, under the name and style of Fayetteville Grocery Company, but that appellant, M. W. Moore, was the sole owner of said business. The suits were based upon open accounts for goods and merchandise sold and delivered to the Fayetteville Grocery Company, the account of the Rogers Company being $1,978.27, that of the Ozark Company $1,019.44, that of the Reynolds-Davis Company $310.64, and that of W. J. Echols & Company $744.63. On a consolidated trial of said cases the jury found for the respective appellees in the following sums: $842.70; $434.27; $132.32, and $317.19. Thereupon the appellees filed a motion for judgment in the amounts claimed, notwithstanding the verdict, which the court sustained, and entered judgment for each of the appellees in the respective sums hereinbefore stated, constituting the amount of their verified, itemized statements of account.

Appellant filed separate identical answers to each complaint as follows: "This answering defendant denies that the plaintiff, at any time or on any occasion,

sold and delivered to him any goods, wares or merchandise for which it has not been paid; denies that he is indebted to the plaintiff upon the account stated in the sum of $1,978.27 (in the case of Rogers Company) or for any other sum; denies that this answering defendant is indebted to said plaintiffs in any amount for any cause whatever, either for principal or for interest, and therefore prays that the plaintiff may take no judgment against him," etc.

As heretofore stated, all the cases were consolidated for trial, over appellant's objection. His defense to each of the actions was the same, that he was not interested in the Fayetteville Grocery Company, was not the owner thereof, and could not be held for its accounts.

It is first contended for a reversal of the case that the court erred in consolidating these cases for purposes of trial. There was no error in this regard. This procedure was authorized by § 1081, C. & M. Digest, and by many decisions of this court cited in the Digest under the above section. The court specifically instructed the jury that each appellee would have to make out its own case, and, in effect, told them that they could not find for one appellee merely because one or more of the other appellees might, in their judgment, be entitled to a verdict. If appellant had desired any additional instructions more specifically telling the jury that it could not consider the testimony of one appellee in reaching a verdict in the other cases, he should have done so.

It is next insisted that the court erred in giving certain instructions, and in refusing certain others requested by appellant, for the reason that there is no allegation in the several complaints that appellant held himself out to be, or represented himself to be, the owner of the Fayetteville Grocery Company, or that he was estopped by reason of any statement or act on his part from denying his ownership. We think appellant is wrong in this contention. These suits were brought against him as the owner of this store. Under such

allegation, they would be permitted to prove any fact tending to show ownership on his denial thereof. He did deny ownership, and they thereupon were permitted to prove a lot of facts and circumstances tending to show that he held himself out as such owner. The question which was submitted to the jury was whether appellant was the owner of this store, or had so conducted himself or held himself out to others as to lead them to believe he was the owner, and, upon such belief, they extended credit to them. In *Herman Kahn* v. *Bowden,* 80 Ark. 23, on page 30, 96 S. W. 126, Ann. Cas. 132, it is said:

"A person who holds himself out as a partner of a firm is estopped to deny such representation not only as to those to whom the representation was directly made, but as to all others who had knowledge of such holding out and, in reliance thereon, sold goods to the firm, provided they exercised due diligence in ascertaining the facts. The cases go even further, and hold that, if one have knowledge that he is being held out to the world as a partner and fails to contradict the report, he may become liable to those crediting the firm on that account. *Campbell* v. *Hastings,* 29 Ark. 513; *Fletcher* v. *Pullen,* 70 Md. 205, 16 A. 887, 14 Am. St. Rep. 355. It follows therefore, for much stronger reasons, that, if the party himself puts out the report that he is a partner, he will be liable to all those selling goods to the firm on the faith and credit of such report."

It was not necessary therefore for appellees to allege in their complaints that appellant held himself out or represented himself to be the owner of the store.

Complaint is also made of error in the admission of testimony with reference to the respective accounts of Reynolds-Davis Co. and the Echols Company. Appellant did not question the correctness of the accounts filed with the complaints. They were itemized and sworn to. He therefore could not have been prejudiced by this testimony.

Complaint is also made of certain other witnesses who testified regarding their knowledge and informa-

tion concerning appellant's ownership of this store. This testimony was competent, and properly admitted.

It is finally insisted that the court erred in granting the motion of appellees for judgment notwithstanding the verdict. In this respect we think appellant is correct, and in this regard this case is ruled by the recent case of *Fulbright* v. *Phipps,* 176 Ark. 356, 3 S. W. (2d.) 49.

If therefore appellees will enter a remittitur within fifteen days down to the amount found due them respectively by the jury, the case will be affirmed, otherwise it is reversed, and remanded for a new trial.