FREDERICKTOWN MILLING COMPANY *v.* RIDER.

Opinion delivered April 15, 1929.

388

*A. D. Whitehead* and *Brewer & Cracraft,* for appellant.

*W. G. Dinning,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists that the court erred in striking out the testimony of its salesman of the information received about the ownership of the Southern Produce Company, upon inquiry from the First National Bank of Helena, and also that the undisputed testimony entitled it to a judgment for the amount of its claim.

In *Herman Kahn Co.* v. *Bowden,* 80 Ark. 30, 96 S. W. 129, 10 Ann. Cas. 132, this court said:

"A person who holds himself out as a partner of a firm is estopped to deny such representation, not only as to those as to whom the representation was directly made, but as to all others who had knowledge of such holding out, and in reliance thereon sold goods to the firm, provided they exercised due diligence in ascertaining the facts. The cases go even further, and hold that, if one has knowledge that he is being held out to the world as a partner, and fails to contradict the report, he may become liable to those crediting the firm on that account. *Campbell* v. *Hastings,* 29 Ark. 513; *Fletcher* v. *Pullen,* 70 Md. 205, 14 Am. St. Rep. 355. It follows therefore, for much stronger reasons, that, if the party himself puts out the report that he is a partner, he will be liable to all those selling goods to the firm on the faith and credit of such report."

The undisputed testimony shows, and appellee admits, that she signed the financial statements, reciting in one of them that she was the owner of the Southern Produce Company and in the other two that it was owned by herself and R. M. Rider; and, although it is true that she stated this was done without reading the statements and to help her husband in the business, it necessarily was a report put out by her that she was a partner in the business or owner of it, making her liable as such to those selling goods to the firm on the faith and credit of the report. These statements, it is true, were not made directly to appellant company, but it had knowledge thereof, of appellee's holding herself out as a partner of the firm, and the salesman of appellant company stated that the goods were sold to appellee's firm or company in reliance thereon, after he had made inquiry of the First National Bank about the rating and ownership of the Southern Produce Company, and upon being told by its vice president, Mr. Faulkner, now deceased, that appellee, Mrs. R. M. Rider, was a partner in the company, and that it was a responsible concern. The court erred in striking out this testimony. Appellant had the

right to show such inquiry made in ascertainment of the facts and the exercise of diligence in the matter; and, since he inquired of the bank and was given the information furnished by appellee, it could make no difference that the vice president of the bank, who supplied the information, had since died.

Instruction No. 3 was correct as requested, including the words stricken out by the court, but it was more favorable to appellant, as given, than it was entitled to, and could not have had any prejudicial effect, but for the erroneous rejection of the testimony relating to the inquiry made at the bank.

Instruction No. 4 should also have been given. The undisputed testimony shows that the amount sued for was the correct balance due for the flour sold, and the testimony is virtually undisputed that appellee put out the report that she was a partner in the Southern Produce Company; that plaintiff made diligent inquiry about the matter, and sold the goods to that company in reliance upon the representations contained in the report. Such being the case, the verdict was without substantial evidence to support it, and the judgment must be reversed, and the cause remanded for a new trial. It is so ordered.