WILLIAMS v. HULSE.

Opinion delivered November 30, 1931.

J. V. Walker and C. D. Atkinson, for appellant.
Pearson & Pearson, for appellee.

McHANEY, J. Appellants are the owners of a house and lot fronting 80 feet on East Lafayette Avenue in the city of Fayetteville, which they acquired October 2, 1928, and which they have since occupied as their home. Appellees are the owners of the adjoining lot to the east, on which is a duplex apartment occupied by tenants. In August, 1924, Gus Bridenthal, the then owner of appellant's house and lot, entered into a written agreement with appellees for the construction of a driveway from Lafayette Avenue to the rear of their properties so as to serve both properties. This driveway was constructed wholly at appellee's expense, but entirely on the lot now

owned by appellants. The agreement is as follows: "This contract and agreement, made and entered into at Fayetteville, Arkansas, this 28th day of August, 1924, by and between Gus Bridenthal, hereinafter known as the party of the first part, and Marcus Hulse, hereinafter known as the party of the second part, as follows, to-wit:

"For and in consideration of the sum of one dollar paid by the party of the second part to the party of the first part, the receipt of which is hereby acknowledged, and for other good and valuable consideration, the said party of the first part grants to the said party of the second part, his heirs and assigns, the use of a strip of ground off the east side of his property, located at 412 East Lafayette Avenue, Fayetteville, Arkansas, to be used as a joint driveway between the property of the party of the first part and the property of the party of the second part, located at 416 East Lafayette Avenue, in the city of Fayetteville, Arkansas.

"The party of the second part agrees to the joint use of said driveway, either by the party of the first part, or his heirs or assigns.

"It is agreed that the said joint driveway has been constructed at the expense of the party of the second part, as follows: A solid slab of concrete 6 x 7, extending from the inside of the curb, across the parking to the sidewalk; a 28.5 foot concrete retaining wall to protect the property of the party of the first part; 7 x 37 feet of concrete and 7 x 91 feet of gravel base on driveway; also 24 x 30 feet of gravel for a turn around, the latter being located on the property of the party of the second part, but for the joint use of the parties hereunto.

"This contract is made in good faith and executed in duplicate at Fayetteville, Arkansas, on the date first above written."

This agreement was not acknowledged, but was subscribed and sworn to, and was filed for record and recorded more than a year after appellants had purchased the property from Art Lewis, who acquired it under foreclosure of a mortgage from Bridenthal. The driveway was constructed so as to run straight north from

the street to appellant's garage, being of concrete a portion of the way and gravel the remainder, with gravel in front of the garage of appellees extending to the driveway covering an area sufficient to turn a car around and which was used by appellants and their grantors as well as appellees for such purpose. Both parties used the driveway and the turnway until a disagreement arose between them and the right to the use of the driveway by appellees and their tenants was disputed by appellants, whereupon the appellees placed the written agreement of record. Appellants shortly thereafter learned of this agreement for the first time and brought this action to quiet title as to the use of said driveway and to cancel the above mentioned contract as a cloud on their title. After hearing the evidence and viewing the subject of controversy, the court found no equity in appellants' complaint and dismissed it for want thereof.

We will assume, in the disposition of this appeal, that the above instrument was sufficient in form and substance to convey an easement and that it was subject to record. Still, it was not recorded for more than a year after appellants purchased their property, and it is conceded by appellees that constructive notice was lacking. It is contended by appellees, however, that appellants had actual notice, or that they had actual notice of such facts and circumstances as to put a person of ordinary prudence and business sagacity upon inquiry as to the true situation, and that they must be held to a knowledge thereof. We cannot agree with appellees in this contention. The rule is, as stated by this court in *Wilson* v. *Nugent,* 174 Ark. 1115, 299 S. W. 18, "that notice of facts and circumstances which would put a man of ordinary intelligence on inquiry is equivalent to knowledge of all the facts a reasonable inquiry would disclose, where there is a duty to make the inquiry." See also cases there cited. What are the facts and circumstances relied on to put appellants on inquiry? They inspected the property as prospective purchasers twice for about fifteen minutes each time before buying. They saw the

driveway. Knew it was on the east edge of the lot they were viewing and went directly north from the street to the garage thereon. Could have seen, but say they did not because they gave it no attention, the gravel turnway on appellees' lot. Appellees testified they told appellants about the arrangement for the driveway, but failed to say they did so before he bought. It is true that appellants permitted appellees and their tenants to use the driveway for a time after purchasing, but without knowledge of a claim of absolute right or of said contract, and this was a permissive use only. We do not think these facts sufficient to put appellants on inquiry, and the proof is lacking to show actual knowledge of the contract. Their grantor knew nothing about the contract between Briddenthal and appellees, and they testify they knew nothing about it and would not have bought had they been so advised. It is all due to appellee's negligence in failing to record their contract for an easement, if subject to record, and calls for an application of the rule that where one of two innocent persons must suffer a loss, it should fall upon him whose negligence caused it.

We are therefore of the opinion that the learned trial court erred in dismissing the complaint for want of equity. Decree reversed, and cause remanded with directions to grant the relief prayed.

KIRBY, J., dissents.