FIREMAN'S FUND INSURANCE COMPANY *v.* LEFTWICH.

4-4134

Opinion delivered February 10, 1936.

160

*John E. Coates, Jr.,* for appellants.

*Evans & Evans,* for appellee.

JOHNSON, C. J. On January 11, 1935, appellee, C. C. Leftwich filed his complaint at law in the Logan Circuit Court against J. D. Leftwich, Coates & Raines, Inc., and the Fireman's Fund Insurance Company, and on the same day he also filed a similar action against J. D. Leftwich, Coates & Raines, Inc., and the Great American Insurance Company. In each suit it was alleged that on October 23, 1934, the defendants contracted to, and did insure against fire certain baled cotton then in storage or warehouse in the town of Magazine, Arkansas, in the sum of $2,500, and that on October 24, 1934, said cotton was destroyed by fire. The prayers were that the premiums due be deducted, and that he have judgment for the balance due plus attorneys' fee and penalties. A motion to require plaintiff to elect was filed in each case, but was passed by the trial court for determination until the testimony was heard. Subsequently, separate answers were filed by the several defendants denying all

the material allegations of the complaints. The court for trial purposes consolidated the two causes first referred to, whereupon testimony was adduced to the following effect: That upon behalf of appellee tended to show that during the last 20 or 25 years he had done a very extensive fire insurance business with Coates & Raines, Inc.; that J. D. Leftwich is appellee's son and is employed by Coates & Raines, Inc., as fire insurance agent in the vicinity of Magazine, and that he had been so engaged for the past several years; that appellee is engaged in the cotton business which requires immediate and effective insurance; that the insurance part of his business was intrusted to his son's care; that the usual course pursued in effecting insurance for the past several years was that appellee would advise his son of the needed coverage, and in all instances the policy or policies had been issued as of the date of application therefor and subsequently delivered; that on October 23, 1934, appellee applied to his son for fire insurance covering 300 bales of cotton then in a certain warehouse, and also 200 bales of cotton located at a certain gin in the town of Magazine, and that J. D. Leftwich then and there accepted the risk and agreed to immediately make effective insurance contracts; that the policies of insurance covering the 300 bales of cotton were executed under date of October 23, 1934, and delivered to appellee; that the policies on the 200 bales of cotton located at the gin were actually executed by the Firemen's Fund Insurance Company and Great American Insurance Company, but were not physically delivered because said companies ascertained that fire had destroyed the property on October 24, 1934, and for this reason appellants' agents refused to deliver the policies to appellee. A vast amount of correspondence between J. D. Leftwich and Coates & Raines, Inc., was introduced in evidence, all of which tended to show that J. D. Leftwich was appellants agent in the vicinity of Magazine, and that all insurance applied for by him for customers prior to October 23, 1934, was written and made effective as requested by him.

The testimony in reference to the loss and the amount thereof is not here reviewed because no con-

tention is urged in this behalf. The testimony in behalf of appellants tended to show that J. D. Leftwich was not the agent of either of the appellants, or, if so, he was merely a soliciting agent without power or authority to make binding contracts.

A trial to a jury resulted in judgments in favor of appellee and against appellants, insurance companies, for the sums sued for, and thereupon penalties and attorneys' fees were duly assessed by the court as prayed, from which this appeal comes.

In briefs and in oral argument it is tacitly conceded by appellants that J. D. Leftwich was their agent in the Magazine vicinity at the times heretofore and hereafter discussed, but the contention is strenuously urged that he was merely a soliciting agent and without power or authority to bind his principal in advance of actual delivery of the policies. In this behalf it is urged that J. D. Leftwich was not registered with the State Insurance Commissioner, as required by § 6062 of Crawford & Moses' Digest, and that by § 6061 of Crawford & Moses' Digest his agency status is restricted to that of a soliciting agent. We have heretofore considered and decided this contention adversely to appellants' contention. In *Continental Casualty Co.* v. *Erion*, 186 Ark. 1122, 57 S. W. (2d) 1025, we disposed of this contention by saying: "It seems settled that statutes, such as those quoted *supra*, are not intended to, and do not, have any effect upon the agent's powers to bind the principal, nor do they change the general law of agency, the powers of an agent being and remaining those only which his principal has expressly or impliedly conferred upon him, to be determined by the applicable principles of the common law relating to principal and agent."

Moreover, the testimony is undisputed that Coates & Raines, Inc., is and was the general agent of appellants in this territory, and it is likewise undisputed that J. D. Leftwich was acting as agent for appellants and Coates & Raines, Inc., at the time and prior to the loss here in controversy. In so far as the issues of this case are concerned, it is immaterial whether or not appellants complied with the sections of the statutes cited *supra*, as they

cannot take advantage of their own neglect in complying with the laws of this State. By the express mandate of § 6062 the duty rests upon appellants to certify to the Insurance Commissioner their agents in this State, therefore noncompliance with § 6062 of Crawford & Moses' Digest has no contractual effect.

In an unbroken line of opinions we have consistently held that the question of agency, and the extent of its power and authority is always a question of fact to be determined from the testimony adduced. *New Hampshire Fire Insurance Co.* v. *Walker,* 178 Ark. 319, 11 S. W. (2d) 772; vol. 8, Cooley's Briefs on Insurance, p. 50.

The testimony adduced by appellee and heretofore set out is amply sufficient to warrant the jury in finding that J. D. Leftwich was not merely a soliciting agent of appellants, but on the contrary had full power and authority to bind his principal from the date of application.

Appellants next contention is that conceding the point that J. D. Leftwich was an agent of general power and authority no contract was made between the parties because their minds never met upon the identity of the company which was to bear the loss, and that the loss occurred before this necessary prerequisite was determined. This contention overlooks the vital point at issue, namely, the authority of J. D. Leftwich. The jury has found from substantial testimony that J. D. Leftwich was appellants' agent in the transactions under consideration and had full power and authority to bind appellants by contract from the moment of application. It is practically undisputed that the application for the insurance in this controversy was made and accepted on the afternoon of October 23, 1934, and the only thing remaining to be done was the clerical transaction of writing the evidence of the contract. This was to be accomplished by appellants' agent, and the insured had nothing to do with it. The testimony reflects that these two policies of insurance were prepared, signed and duly executed as of October 23, 1934, but subsequently the insurers having learned of the loss refused to make physical delivery thereof. Physical delivery of the con-

tracts of insurance is not a prerequisite to their validity and binding effect. *Continental Insurance Co.* v. *Bean,* 188 Ark. 835, 68 S. W. (2d) 460.

Since these policies were actually issued by the duly authorized agent of appellants, the argument that Coates & Raines, Inc., represented other insurance companies is beside the question. An actual designation was made of appellants by those in authority and we prefer to deal with reality instead of conjecture. We understand the general rule to be that when an insurer takes a risk to commence previous to the actual date of the policy, and the property is destroyed before the policy is actually delivered and executed, their being no fraud or concealment by the insured, the insurer will be as effectually bound as if the loss occurred after delivery of the policy. *Hallock* v. *Commercial Co.,* 26 N. J. L. 268; *Koivisto* v. *Bankers' Co.,* (Minn.) 181 N. W. 580; *Nertney* v. *National Fire Ins. Co.,* (Iowa) 213 N. W. 826; *U. S. F. & G. Co.* v. *Goldberger,* 13 Fed. (2d) 779.

If by appellants' designation in the policies as insurer they have been discriminated against as against other insurers represented by Coates & Raines, Inc., or if they have been unfairly dealt with by such designation, it is the fault of appellants' agents and no fault of the insured. It is an established rule of law adhered to by this court in a long line of opinions that, if one of two innocent parties must suffer, the one who put it in the power of a third person to perpetrate the act should suffer the loss. *Williams* v. *Hulse,* 184 Ark. 855, 43 S. W. (2d) 723; *Merchants' Nat. Bank* v. *Home Bldg. & Loan Assn.,* 180 Ark. 464, 22 S. W. (2d) 15. Even so here appellants admitted agents effected appellants' liability and executed the evidences thereof, and they must suffer the consequences instead of casting it upon the insured.

It would serve no useful purpose to discuss in detail the many cases cited by the respective parties, as each of them turns upon its peculiar facts or circumstances. The rule which we have adopted rests upon reason and justice, and we have been cited to no case in conflict with

the rule stated when viewed in the light of attendant circumstances.

Lastly appellants assert that the trial court erred in refusing to require plaintiff to elect as to the defendant he would pursue, and *Unionaid Life Insurance Co.* v. *Crutchfield,* 182 Ark. 825, 32 S. W. (2d) 806, and other cases are cited in support of this contention. Specifically, on this point appellants' contention is that appellees' pursuit of J. D. Leftwich and Coates & Raines, Inc., upon the one hand and appellants, insurance companies, on the other is inconsistent. We cannot agree with this contention. Appellee took the position that one or the other—the agents or the principal—was liable to him for his loss. The liability or lack of liability of either class rests upon identical facts and circumstances adduced in testimony. Under such circumstances we have repeatedly held that separate suits might be consolidated for trial purposes. Section 1080, Crawford & Moses' Digest; *First National Bank of Waldron* v. *Ary,* 180 Ark. 1084, 24 S. W. (2d) 336; *Moore* v. *Rogers Wholesale Gro. Co.,* 177 Ark. 993, 8 S. W. (2d) 457. If such suits may be consolidated for trial purposes, it follows that it would not be prejudicial error to refuse to require an election.

No prejudicial error appearing, the judgment is affirmed.