Neil Driscoll, a Minor, by Neil J. Driscoll, Sr., His Next Friend, and Neil J. Driscoll, Sr., Plaintiffs-Appellees, v. C. Rasmussen Corporation, Defendant-Appellant, v. H. Fred Turner, Counter-Defendant-Appellee.

Gen. No. 49,189.

First District, Third Division.

April 8, 1965.

Rehearing denied May 6, 1965.

Lord, Bissell & Brook, of Chicago (Jay M. Smyser and William P. Butler, of counsel), for appellant.

James A. Thompson, and Brooks, Gordon & Simon, of Chicago (Gilbert Gordon, of counsel), for appellees.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from two judgments of the superior court of Cook County, the first being entered on a jury verdict in favor of the plaintiff and against defendant, C. Rasmussen Corporation, assessing plaintiff's damages at $35,000 and finding defendant, H. Fred Turner, not guilty, and the second being decided by the court without a jury and finding in favor of the counterdefendant, H. Fred Turner, on C. Rasmussen Corporation's counterclaim.

The case arose out of the injury of the minor plaintiff, Neil Driscoll, which injury occurred on November 6, 1955, while said minor plaintiff was playing on a construction trash pile located to the south of a building which was being erected at 9229 South Ashland Avenue in the city of Chicago.

Suit was filed against two contractors, C. Rasmussen Corporation and H. Fred Turner, and also against the owner of the premises, Beverly Hudson, Inc. C. Rasmussen Corporation had a contract with Beverly Hudson, Inc. to construct an automobile agency building at 9229 South Ashland Avenue, and H. Fred Turner had painting contracts with both Beverly Hudson, Inc. and C. Rasmussen Corporation. Testimony was also adduced at the trial to the effect that the carpenters on the job were "employed by" C. Rasmussen Corporation. C. Rasmussen Corporation counter-claimed against defendant H. Fred Turner.

A verdict was directed in favor of defendant, Beverly Hudson, Inc., at the close of the case, and the judgments appealed from were entered on November 8, 1962.

Defendant, C. Rasmussen Corporation, contends (1) that there was no evidence to establish a cause of action against it under the so-called "attractive nuisance" doctrine, and there was no evidence showing actionable negligence on its part; (2) that, as shown by the evidence, the only basis on which it might be connected with the alleged "attractive nuisance" is through its contract with H. Fred Turner, and the court, accordingly, should have entered judgment notwithstanding the verdict in favor of C. Rasmussen Corporation, or it should have entered judgment notwithstanding the verdict against H. Fred Turner and found in favor of C. Rasmussen Corporation on its counterclaim; (3) that the trial court committed reversible error in the conduct of the trial (a) in al-

lowing the plaintiff, over objection, to argue that the paint cans in the trash pile were probably placed there by an employee of C. Rasmussen Corporation; (b) in admitting plaintiff's exhibit number 2, a photograph of the premises taken after the accident, in evidence although it did not portray conditions on the premises as they existed at the time of the accident and it conveyed the erroneous impression of a post-accident precaution by defendant, and (c) in refusing to strike the testimony of plaintiff's doctor concerning the possibility of cancer after the doctor admitted that his statement that plaintiff's injury might develop into cancer was a mere speculation.

In the summer of 1955 construction began on a one-story automobile agency building at 9229 South Ashland Avenue. Sometime after the start of the construction, a trash pile began to accumulate to the south of the construction site.

Plaintiff's father, Neil J. Driscoll, testified that a few days before his son's injury, he was driving down the alley in back of the automobile agency. He noticed that the debris from the trash pile had overflowed into the alley, and he could not drive his car past it. He got out of the car and started throwing the debris back onto the pile. A workman came out of the automobile agency carrying a cardboard box which he placed on the pile. The workman then began to straighten up the pile by pulling it together into a central location. Plaintiff's grandmother, Gladys Driscoll, testified that she saw workmen from the building under construction dumping cartons, wood and anything they swept up in the automobile agency building onto the pile. She also testified that on one occasion sometime during the latter half of October, 1955, she couldn't get her car out of her garage because a workman was sweeping debris from the automobile agency building and had temporarily blocked her

353

exit. She noticed that there were beer cans and small paint cans mixed in with the sweepings. She was able to leave before he had completed, and, when she returned later the same day, she noticed that the debris he had been sweeping had been pushed over to the bottom of the pile. This testimony by these two witnesses was the only direct evidence produced to show the origin of the trash pile.

On the day of the injury, plaintiff and his little brother went out to play about 1:00 p. m. They played around the trash pile. A little later they were joined by a neighbor's child, John Woods. John Woods' father was burning leaves in a wire trash burner which he had placed in proximity to the trash pile. The children started lighting pieces of wood from the fire and sticking them into the paint cans on the trash pile in order to light the residue remaining in the cans. Mr. Woods snuffed out the fires in the cans and told the boys not to light them anymore, but as soon as he left, the boys relit the cans. John Woods opened some full cans and left them lying opened on the trash pile. The plaintiff knocked over one of these cans which contained what was varyingly described as either a clear or a greenish substance. The evidence showed that the can was approximately two inches high. The contents of the can splashed on plaintiff's trouser leg, and he attempted to wipe it off with a rag. The children then continued playing, and subsequently plaintiff's trousers caught on fire. The fire started on the leg which had been splashed by the contents of the open can. Plaintiff ran over to a mud puddle and tried to douse the flames by splashing water on them. When this proved ineffectual, he started running towards his house. At this point Mr. Woods returned and saw what was happening. He ran after the plaintiff, grabbed him and smothered the flames.

354

Plaintiff alleges that defendant, C. Rasmussen Corporation, being in possession and control of the property adjacent to and to the south of the building being constructed at 9229 South Ashland Avenue, maintained the premises in such a manner that it was attractive to children of tender years and knew or should have known that children frequented the premises; that a dangerous condition consisting of the construction trash pile existed on the premises; that defendant C. Rasmussen Corporation knew or should have known of said condition; and that said dangerous condition was the proximate cause of plaintiff's injury.

Plaintiff argues that since it is undisputed that Beverly Hudson, Inc. owned the property upon which the trash pile was located, defendant C. Rasmussen Corporation became a person in possession and control of the premises by virtue of its construction, as general contractor, of the automobile agency building. Defendant C. Rasmussen Corporation offered no evidence.

Defendant C. Rasmussen Corporation argues that there is no showing that it was the general contractor on the job and that the complaint did not charge and the proof did not establish its possession and control of the premises.

After judgment the pleading upon which the judgment is based is liberally construed in favor of the pleader and anything necessary to be proved which may be fairly inferred from the complaint will be regarded as alleged. Johnson v. Illini Mut. Ins. Co., 18 Ill App2d 211, 151 NE2d 634; O'Rourke v. Sproul, 241 Ill 576, 89 NE 663.

While the complaint in the instant case is somewhat vague, we feel that, construing it in the light most favorable to the plaintiff, it sufficiently charged

the defendant with possession and control of the area upon which the trash pile was located.

Some of the facts in evidence are as follows: the president of Beverly Hudson, Inc. entered into a contract with C. Rasmussen Corporation for the construction of the automobile agency building. Shortly after construction began a trash pile appeared in the area to the south of the building and the trash pile grew to a height of from two to eight feet with a diameter of from six to twelve feet. The carpenters on the job were employees of C. Rasmussen Corporation and they put up the wall board. The trash pile contained wallboard. Various workmen were seen leaving the building and dumping debris on the trash pile. Materialmen pulled their trucks up in the area to the south of the building where the trash pile was located. H. Fred Turner entered into a subcontract with C. Rasmussen Corporation to do some painting for the building. Beverly Hudson, Inc., the owner was not yet in the building at the time H. Fred Turner painted the floors and the floors were painted subsequent to the accident.

■ We believe that, although the question of possession and control was a close one, the foregoing facts coupled with other evidence appearing in the record justified the jury in concluding that C. Rasmussen Corporation was the general contractor and was sufficiently in possession and control of the premises to be held responsible for a dangerous condition existing thereon.

■ Interrogatories were propounded to C. Rasmussen Corporation the answers to which, if they had been read into evidence as is allowed by Supreme Court Rule 19–11(4) (Ill Rev Stats 1961, c 110, § 101.19–11 (4)), would have established conclusively that C. Rasmussen Corporation was a general contractor hired to construct the automobile agency building. The said answers named eleven subcontractors hired by C.

Rasmussen Corporation to complete the various phases of the construction. Since such answers were not read into evidence, they were not before the jury and cannot properly be considered by this court, but as has been pointed out, the jury could have properly determined from the evidence before it that C. Rasmussen Corporation was the general contractor and was in possession and control.

Plaintiff also contends that even if C. Rasmussen Corporation was not in possession and control of the vacant land on which the trash pile was located, it would be liable as the creator of a condition potentially dangerous to children of tender years under the doctrine announced in Kahn v. James Burton Co., 5 Ill2d 614, 126 NE2d 836.

In the Kahn case, a supplier of lumber who was not the owner or possessor of the property was held responsible for an injury to a child which occurred while the child was playing on the pile of lumber which the supplier had delivered to a construction site. While the child was climbing around on the lumber pile, it gave way and he fell with some of the heavier boards falling on top of him. No children were present when the lumber was delivered, and there was no showing that the lumber company had any knowledge of the fact that children had been playing on the construction site prior to the delivery of the lumber. The court on page 620 said, "In so far as the lumber company is concerned plaintiff was not a trespasser; and if it should have reasonably anticipated that children might come upon the premises and be injured, the fact that it did not own or control the premises cannot relieve it from liability for the consequences of its negligence." The court further stated that whether the lumber was so piled as to create an unreasonable danger to children and whether the pile was so attractive to children to suggest the probability

357

that children would climb upon it were proper questions for the jury. Further at page 622 the court said:

"The creator of certain conditions dangerous and hazardous to children because of their immature appreciation of such dangers and hazards must be held to a certain standard of conduct for the protection of such children in accordance with the attendant circumstances and conditions. . . . The test in the case at bar is whether the lumber company in the exercise of ordinary care could reasonably have anticipated the likelihood that children would climb onto the lumber and would be injured if it were not securely piled."

As has been pointed out, the only direct evidence presented to show the origin of the trash pile in the case at bar was the testimony of plaintiff's father and grandmother, which testimony is set out in substance above. This evidence fails to establish that C. Rasmussen Corporation was the creator of the alleged hazardous condition, i. e., the construction trash pile. The testimony of plaintiff's father was that he saw a workman come from the building, throw a carton on the pile, and start to straighten up the trash. Plaintiff's grandmother testified that she saw a workman sweeping up debris that she later saw on the trash pile. No attempt was made to show by whom these various workmen were employed, and it would be pure conjecture to say that they were C. Rasmussen Corporation's employees. Under these circumstances, plaintiff failed to introduce any evidence to prove that C. Rasmussen Corporation was the creator of the hazardous condition and therefore he cannot rely on Kahn v. James Burton Co., 5 Ill2d 614, 126 NE2d 836.

■ Defendant C. Rasmussen Corporation's second point, that the only basis on which it might be connected with the alleged "attractive nuisance" is

through its contract with H. Fred Turner, is without merit. As has been shown, the jury could have found that C. Rasmussen Corporation was the general contractor on the job and was in possession and control of the premises. Liability would follow under the attractive nuisance doctrine. We are powerless to reverse the jury verdict finding H. Fred Turner not guilty, nor can we reverse the trial court's determination denying C. Rasmussen's counterclaim. Whether or not the substance which was splashed upon plaintiff's leg came from a can which had been used by H. Fred Turner in connection with his work on the automobile agency building was a proper question for the jury, and there was sufficient evidence in the record to support a finding that it did not. The finding of not guilty by the jury on plaintiff's claim against H. Fred Turner and the finding of not guilty by the trial judge on C. Rasmussen Corporation's counterclaim against H. Fred Turner are adequately supported by the evidence. The evidence showed that the can, the contents of which spilled on the plaintiff, was approximately two inches high. The undisputed testimony of defendant, H. Fred Turner, was to the effect that he used only one-gallon or five-gallon containers, both of which would be substantially higher than two inches. Paul Stokesberry, an expert witness called by the plaintiff, identified the material spilled on plaintiff's trousers as a vinyl laquer. Defendant, H. Fred Turner, testified that he used a green paint bearing the trade name of Copper Verde, and that he used no clear lacquer on the job. Bernard L. Carter, paint sales manager for the Pittsburg Plate Glass Company, testified that the vehicle for Copper Verde paint is alkyd resin, not vinyl lacquer. The above testimony, if believed by the jury, was clearly adequate to support the verdict in favor of H. Fred Turner, and, likewise, was clearly adequate to support

the finding of the trial judge in favor of H. Fred Turner on the counterclaim.

 Upon a thorough examination of the record we believe that the court did commit reversible error in allowing plaintiff, over objection, to argue that an employee of C. Rasmussen Corporation probably put the paint cans on the trash pile. There was evidence that a workman was seen sweeping debris including paint cans from the building and that this debris ended up on the trash pile, but no attempt was made to show by whom this workman was employed. There was no evidentiary basis for the argument put forth, and the judge by allowing it to stand over objection may well have led the jury to believe that the paint cans were placed on the trash pile by an employee of C. Rasmussen Corporation. If the jury so found, they may have predicated liability upon the finding that C. Rasmussen Corporation was the creator of the hazardous condition, and, as has been pointed out, no evidence was presented to support such a finding. It is true that liability may have been predicated upon a finding that C. Rasmussen Corporation was the general contractor and was in possession and control of the premises, but, as we have already stated, possession and control was a close question in this case. If, from the improper argument, the jury were led to believe that an employee of C. Rasmussen Corporation was placing things upon the trash pile, they may have been influenced by this, rather than by the evidence alone, to conclude that C. Rasmussen Corporation was in possession and control.

 Although the error complained of might not be considered prejudicial in a clear case, since possession and control was such a close question in the instant case we believe that, in order to insure that both

360

parties receive equal justice, the trial should be free from all error relating thereto. Since the error complained of was prejudicial to the defendant regardless of which theory of liability the jury chose to accept, there must be a new trial.

Because of our determination that defendant C. Rasmussen Corporation was prejudiced by the improper argument of plaintiff's counsel, it is unnecessary for us to consider its remaining two points. The judgment of the superior court of Cook County in favor of the plaintiff and against C. Rasmussen Corporation is reversed and the cause is remanded for a new trial. The judgments in favor of the defendant H. Fred Turner on both the plaintiff's claim and the counterclaim of C. Rasmussen Corporation, are affirmed.

Affirmed in part, reversed in part and cause remanded.

DEMPSEY, P. J. and SCHWARTZ, J., concur.