Clara Flewellen, Plaintiff-Appellee, v. Max Atkins, et al., d/b/a State and Madison Property, a Partnership, and United Building Construction Co., a Partnership, Defendants-Appellants.

Max Atkins, et al., d/b/a State and Madison Property, a Partnership, Third Party Defendant-Appellee, v. United Building Construction Co., a Partnership, Third Party Defendant-Appellant.

Gen. No. 51,482.

First District, Second Division.

September 24, 1968.

Meyers & Matthias, of Chicago (Jones & Clark, and Vincent M. Clark, of counsel), for appellant.

George C. Rabens, of Chicago (S. Joseph Formusa, of counsel), and Roger J. Boylan and Victor J. Cassato, of Chicago, for appellees.

MR. JUSTICE LYONS delivered the opinion of the court.

## ON REHEARING

The plaintiff, Clara Flewellen, joined the defendants, Max Atkins, Herman Atkins, Ben Atkins and Alvin Oken, d/b/a State & Madison Property Co., a copartnership (hereinafter referred to as State & Madison Prop-

erty Co.) and United Building Construction Co., a copartnership, in her suit for personal injuries arising from alleged common-law negligence. Thereafter, State & Madison Property Co., a copartnership, filed a third-party complaint against United Building Construction Co., a copartnership, alleging a right to indemnification arising from implied warranty doctrines or active-passive negligence rules. Pursuant to stipulation, the trial court severed the third-party complaint from the original cause of action, which was being tried by a jury. The jury returned a verdict in favor of the plaintiff, Clara Flewellen, and against all defendants, assessing the damages at $3,500 and costs. Judgment was entered upon this verdict.

As to the third-party action, both parties waived a jury. After considering the evidence, the trial court found for the third-party plaintiff, State & Madison Property Co., and against the third-party defendant, United Building Construction Co., in the amount of $3,500 and costs, entering judgment accordingly.

All defendants appeal from the judgment in favor of the plaintiff, Clara Flewellen, and against them in the amount of $3,500 and costs, and from the order of the trial court denying their post-trial motions for judgment notwithstanding the verdict and for a new trial. In addition, the third-party defendant, United Building Construction Co., appeals from the judgment rendered in favor of the third-party plaintiff, State & Madison Property Co., in the third-party action.

At the trial the plaintiff testified that the personal injury occurred on July 23, 1958, when she was on her way to work. She had left the Monroe Street subway station in downtown Chicago and was walking north, approaching the intersection of State and Madison Streets on the west side of State Street, when she was struck on the back of the head, left side, by some

object. When so struck, she testified that she was approximately 15 to 20 feet from the southwest corner of State and Madison Streets. She fell to the ground and was assisted to her feet by an unidentified man who showed her the object which had hit her, a 2″ x 2″ piece of gray stone. Neither the stone nor the unidentified man was produced at the trial.

The plaintiff went on to mention that shortly after the accident she noticed it was 6:18 a. m. Testimony concerning compensatory damages concluded her statements on direct examination. The defendants stated that they had no questions of the plaintiff at this time, subject to her recall under section 60 of the Civil Practice Act. Whereupon, plaintiff's counsel said, "The plaintiff rests her case, Your Honor."

The defendants then entered motions for a directed verdict and plaintiff's counsel asked the court for leave to reopen for the purpose of additional proofs; i. e., answers by the defendants to written interrogatories propounded by the plaintiff. After returning from chambers, where opposing attorneys had presented oral arguments in support of their motions, the trial court refused to grant leave to the plaintiff to reopen her case and refused the defendants' motions for a directed verdict. Thereafter, the defendants offered no evidence but rather rested and renewed their motions for a directed verdict, which were refused. Closing arguments to the jury by all sides followed.

On appeal, the defendants contend: (1) the trial court erred in refusing to grant their motions for a directed verdict at the close of the plaintiff's case and again at the close of all the evidence; and (2) the trial court erred in refusing to grant their post-trial motions for a new trial due to prejudicial comments by the plaintiff's counsel in his closing argument to the jury.

The plaintiff's case rests solely upon circumstantial evidence. Her theory of liability is alleged to flow from

412

these evidentiary facts: (1) she was struck on the back of the head by a piece of stone; (2) while walking on a public sidewalk approximately 15 to 20 feet from the intersection of State and Madison Streets; (3) the defendant construction partnership was repairing the roof of the defendant building manager partnership at the time of the occurrence, which property abutted the public sidewalk where the plaintiff was struck. Therefore, the defendants are guilty of concurrent negligence. The defendants argue that the plaintiff failed to prove her prima facie case because she never, in her testimony, mentioned them, thereby failing to show that her injury was proximately caused by their alleged acts of negligence. Hence, the trial court erred in failing to grant their motions for a directed verdict.

■ ■ The standard to be applied by the trial court in evaluating the evidence so as to pass upon motions for directed verdicts has always been an elusive creature in the law. Recently, the Illinois Supreme Court in Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 510, 229 NE2d 504, 513 (1967), recognized this problem and solved it by enunciating one standard for use in Illinois:

> ". . . In our judgment verdicts ought to be directed and judgments n. o. v. entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

■ Therefore, this court's duty is to determine if all the evidence, when viewed most favorably to the plaintiff, so overwhelmingly favors the defendants that no verdict for the plaintiff based on that evidence could ever stand. Since the defendants offered no evidence at the trial, only the plaintiff's evidence will be considered, along with remarks by counsel for the defendants.

413

It is true that the plaintiff never mentioned the defendants specifically, by name, in her testimony. However, the attorney for State & Madison Property Co., mentioned in his opening statement to the jury: "We agree with what plaintiff's attorney has told you that work was going on there, but how the injury occurred we have no knowledge. We believe that the evidence will show that the State & Madison Property Co. had no control over the workmen or the employees of United Construction Company; they furnished the material, the men, and the necessary equipment."

It was held in Petersen v. General Rug & Carpet Cleaners, Inc., 333 Ill App 47, 77 NE2d 58 (1947) that an attorney can make admissions in his opening statement which will be attributable to his client. In that case the plaintiff was walking across a busy Chicago intersection when two vehicles struck her. These vehicles were being driven by servants of corporate employers. The plaintiff joined both masters as defendants and sued on the basis of common-law negligence. The attorney for one of the codefendants stated in his opening statement to the jury: "I represent the General Rug & Carpet Cleaners, and they were the owners of the first of these two northbound trucks that plaintiff's counsel spoke about in his opening statement. . . . The driver of our truck has had a great many years of driving experience. It was a panel body truck as he tells me. It was a dark green truck." Neither defendant introduced any evidence at the trial.

On appeal, the defendants argued the trial court had erred in refusing to direct a verdict in their favor as the plaintiff's evidence did not show that any vehicle belonging to the defendants was involved in the accident. Furthermore, the plaintiff's failure to prove one of the basic facts essential to a prima facie case was not cured by the remarks in the opening statement of defendant's

414

counsel. In rejecting this contention the reviewing court in Petersen at page 57 stated:

". . . We hold that counsel for defendant General Cleaners admitted, in definite and plain language, that it was the owner of the first of the two north-bound vehicles that Mr. Ryan spoke about in his opening statement and that this admission was binding upon his client. . . . It is due Transportation Corporation to say that it does not seek to avoid the effect of the admission made by its counsel in the opening statement that the station wagon involved in the accident was being driven by its employee."

■ Coming to the same conclusion is Drell v. American Nat. Bank and Trust Co., 57 Ill App2d 129, 207 NE2d 101 (1965). In the present case admissions were made by counsel for State & Madison Property Co., in his opening statement to the jury (i. e., "work was going on there. . . .") and these admissions bound both his client and the other defendant, United Bldg. Const. Co., as the defendants shared a joint interest in the outcome of the litigation. See McMillan v. McDill, 110 Ill 47 (1884); Miller v. Mathias, 145 Ill App 465 (1908); Lowe v. Huckins, 356 Ill 360, 190 NE 683 (1934). United Building Construction Company did not refute or embellish upon this admission when it presented its separate opening statement to the jury and did not present any evidence to the contrary in its case in chief. In fact, neither defendant presented any evidence, but rather proffered motions for a directed verdict at the conclusion of the plaintiff's case and renewed these motions after informing the trial court that they intended to present no evidence. In light of the record in the instant case, the admissions of counsel for State & Madison Property Co., in his opening statement to the jury bound the codefendant, United Building Construction

415

Company. We limit this finding to the particular facts of this case.

In the present case the defendants were being sued under a theory of concurrent negligence leading to joint and several liability. Hence, a joint interest was involved, and the trial court did not err in refusing to grant the defendants' motions for directed verdicts.

This court agrees with the defendants, however, that the plaintiff's counsel made prejudicial remarks to the jury in his closing argument necessitating a new trial. It must be remembered that neither the pleadings nor the admissions attributable to the defendants through the statements of one counsel in opening argument to the jury mentioned the accident's time of occurrence. This was stated for the first time by the plaintiff on direct examination. When plaintiff's counsel asked for leave to reopen the case after his client had "rested," he did so with the objective of reading into evidence answers of the defendants to written interrogatories propounded to them by the plaintiff, showing that defendant, United Building Construction Co., was doing tuckpointing and replacing terra cotta coping on the building abutting the scene of the accident *at the time of the occurrence.*

After a conference in chambers with opposing counsel, the trial court exercised its discretion in refusing the plaintiff leave to reopen her case thereby foreclosing her attorney from reading into evidence the defendants' answers to the interrogatories propounded to them by the plaintiff. The trial court also refused to allow the plaintiff's counsel, in his closing argument to the jury, to refer to these answers as admissions by party litigants. However, in such closing argument, over defendants' objections, plaintiff's counsel relied upon these answers to the written interrogatories as though they had been allowed into evidence:

"Plaintiff's Attorney: . . . That means that there is no explanation for this piece of cement other than the fact, I believe, that it came from the work which was being done. I don't think there is any possible inference other than the fact that the instrumentality which caused the injury to Mrs. Flewellen came from that work. As a matter of fact, Ladies and Gentlemen of the Jury, it is my opinion that the conclusions necessitated by virtue of the facts that Mrs. Flewellen testified to, by the fact that she was struck by this piece of cement, and by the fact the work was in progress.

"Defendants' Attorney: Objection, your Honor. There is still no evidence that the work was in progress.

"Plaintiff's Attorney: That was the admission that we discussed in chambers, your Honor.

"The Court: You may proceed."

A case helpful to the court on this point is Owen v. Willett Truck Leasing Corp., 61 Ill App2d 395, 209 NE2d 868 (1965), a wrongful death action in which the deceased's administrator sued the bailor of an allegedly defective truck which the latter had leased to the decedent's employer. In particular, the truck's hand brake was alleged to be defective. The decedent had been found

pinned against a warehouse's loading dock behind his unattended truck, which was in the neutral position with its engine running. There were no eyewitnesses to the occurrence. Consequently, the plaintiff's case was dependent upon circumstantial evidence, as is the present case.

The trial court excluded, on hearsay grounds, a report from an I. I. T. engineer which plaintiff's counsel had offered to admit into evidence. In closing argument, plaintiff's counsel nevertheless told the jury that the engineer's report was the only complete examination of the truck and that it disclosed a defect in the hand brake.

In reversing the judgment in plaintiff's favor and remanding the case for a new trial, the Appellate Court stated in Owen v. Willett Truck Leasing Corp., 61 Ill App2d 395, 403, 209 NE2d 868, 872:

> "Defendant argues it was prejudicial error to knowingly offer an incompetent exhibit into evidence and to comment to the jury regarding its contents after the court had ruled it inadmissible. In so doing, plaintiff undertook to supply facts not based upon any evidence in the record. As held in Mattice v. Klawans, 312 Ill 299, 310, 'this line of argument was improper because counsel had no right to testify in his argument to the jury.' "

 Both the cited and the present case involved close questions of liability and the use of circumstantial evidence to sustain the plaintiff's burden of proof. Furthermore, in both cases plaintiff's counsel referred, in closing argument to the jury, to a document which the trial court had earlier excluded from evidence. In the cited case it was an I. I. T. engineer's report. In this case it was the defendants' answers to written interrogatories propounded to them by the plaintiff. In addition, plaintiff's counsel, in the present case, put the

weight of his personal opinion into his closing argument to the jury when he used the words, "As a matter of fact, Ladies and Gentlemen of the Jury, it is my opinion that . . . ." Such conduct by plaintiff's counsel was prejudicial error preventing the defendants from receiving a fair trial initially, thereby necessitating a reversal and remandment of this case for a new trial.

■ Plaintiff's counsel argues that it was not error for him to refer, in closing argument, to the defendants' answers to these written interrogatories, as both documents are in the court file thereby coming into evidence as judicial admissions. It thus becomes unnecessary to read them into evidence. However, this argument tends to overlook the fact that answers to interrogatories are not pleadings. P. Rielley & Son v. National Parlor Furniture Co., 192 Ill App 395 (1915).

Furthermore, Illinois Supreme Court Rule 19–11(4) (Ill Rev Stats (1965) c 110, § 101.19–11(4)) having to do with the use of written interrogatories is an adaptation of Federal Rule 33. See SHA, c 110, § 101.19–11, Joint Committee Comments. A recent federal case explaining the proper trial use of answers to written interrogatories under the Federal Rules of Civil Procedure, Rule 33, is Heilig v. Studebaker Corp., 347 F2d 686 (CA 10th Cir 1965), which was a personal injury action brought against the bailor of a used car loaned to the plaintiff for a test ride preparatory to a possible sale. The brakes failed during this test drive and litigation followed.

At the trial, the plaintiff's witness was seeking to offer testimony that the defendant had replaced a pin in the brake system after the accident, but the trial court rejected this testimony. Plaintiff's counsel argued that he was offering this testimony to contradict the defendant's answers to written interrogatories served on them by the plaintiff. Although some of the answers

to the interrogatories were later read into evidence, the answers which counsel for plaintiff sought to contradict by the proffered testimony of the earlier witness were not read into evidence. In affirming judgment for defendant, the reviewing court stated in Heilig v. Studebaker Corp., 347 F2d at 686, 689:

> ". . . answers to interrogatories do not become evidence in the case, unless voluntarily introduced by the interrogator as admissions against interest on the part of the party interrogated (cited cases omitted). Hence, the proposed evidence was not admissible for the purpose of impeachment."

A recent Illinois case construing Supreme Court Rule 19–11(4) and coming to the same conclusion is Driscoll v. C. Rasmussen Corp., 57 Ill App2d 349, 206 NE2d 746 (1965), *reversed on other grounds,* 35 Ill2d 74, 219 NE2d 483 (1966), where it was held that answers to written interrogatories not read into evidence are not before the jury and cannot properly be considered by the appellate court.

■ Hence, such answers are not judicial admissions and are not evidence in the case unless and until they are read into evidence. Defendants were thus deprived of a fair trial when plaintiff's counsel, in his closing argument to the jury and over the defendants' objections, referred to such answers as though they had been read into evidence, although earlier the trial court had specifically excluded them from being introduced into evidence. Such answers were prejudicial to the defendants because they had to do with the presence of the construction company's employees at the time of the occurrence. The plaintiff had never mentioned this during her testimony, but rather had rested her case without getting into this aspect of it.

Because the prejudicial error affects both the main action and the third-party action, both judgments and

causes must be reversed and remanded for new trials. The judgments of the Circuit Court are reversed and the causes are remanded for new trials.

Judgments reversed and causes remanded.

BURKE, P. J. and McNAMARA, J., concur.